PER CURIAM.
This mandamus action resulted from the dissatisfaction of Florida First National Bank of Port St. Joe, an authorized county depository, with the portion of school funds it had on deposit. The primary subject of this litigation is two funds in the hands of the Gulf County School Board which are proceeds from the sale of certificates on indebtedness in the amount of $2,500,000. One is a construction fund for school buildings, and the other is a sinking and reserve fund. A constant reserve of $160,000 is required, and the first $230,000 of race track funds are pledged to the sinking fund each year.
The Board of Public Instruction had placed the funds in savings certificates of deposit with the Wewahitchka State Bank at four percent interest. The relator bank offered the Board the same rate of interest and terms, but this offer had been refused.
Chapter 136, Florida Statutes, F.S.A., provides for the equal division of all school board deposits among the several qualified banks located in any particular county. Of paramount importance are the following sections:
Section 136.01 provides:
“[I]t being the intent hereof that all funds of * * * the hoard of public instruction of such county shall be included.” (Emphasis supplied.)
Section 136.02 provides that each qualified bank
“ * * * shall be entitled to its or their pro rata share of the deposits * *
Section 136.04 provides:
“Interest shall be paid by banks receiving savings or time deposit accounts at such rate or rates as may be agreed upon.”
The Circuit Judge found that these funds were subject to the provisions of Chapter 136, Florida Statutes, F.S.A., and should be pro rated among the two banks located in the county, but in making pro rata distribution, the sinking and reserve funds need not be separated or split between the two banks. Peremptory writ to this effect issued. The respondents made a deposit in the relator bank and filed their certificates of compliance. In so doing they took into consideration the construe *438 tion funds and other funds on deposit exclusive of the reserve account and sinking fund. Relator moved for an order requiring the Board to comply with the judgment and peremptory writ. The Circuit Judge found the point well taken since the Board should have considered the reserve and sinking fund in the total to be pro rated, although it had not been ordered to split the fund or to divide it between the two banks. However, the Board had appealed so the Judge withheld his order of compliance pending the disposition of this appeal.
The question on appeal is: Are moneys derived from the sale of certificates of indebtedness, held for special purposes in trust, and invested in time certificates of deposit within the purview of Chapter 136?
It is the School Board’s contention that the sinking fund and reserve accounts are held for special purposes in trust and, therefore, are not public funds within the purview of Chapter 136, Florida Statutes, F.S.A.; that the funds derived from the sale of certificates of indebtedness have been invested in certificates of deposit rather than deposited as contemplated by Chapter 136, Florida Statutes, F. S.A.; and that once sums are deposited in these accounts, they are held in trust for the holders of the certificates of indebtedness, thereby vesting equitable ownership in the holders of same and divesting the public of its ownership to such an extent that same are no longer public funds. The argument is fallacious for the indisputable fact is that all these funds are public funds. Moneys when borrowed from private sources by a body politic to be used for a public purpose and to be repaid by a pledge of funds to be extracted from citizens in the form of taxes, do not lose their identity as public funds although they are earmarked for a special purpose. The argument that the funds were invested rather than deposited is likewise without foundation. The Legislature in enacting Chapter 136 clearly contemplated situations such as this, when it authorized the use of savings or time deposit accounts by Section 136.04. Certificates of deposit are only evidence of money placed on time deposit.
This cause is remanded for further order of compliance.
Affirmed.
RAWLS, Acting C. J., and JOHNSON and SPECTOR, JJ., concur.