374 So.2d 951 (1979)
Arthur H. BECKWITH, Jr., Clerk of the Circuit Court, Etc., Appellants,
v.
WEBB's FABULOUS PHARMACIES, INC., et al., Appellees.
No. 55213.
Supreme Court of Florida.
May 31, 1979.
Rehearing Denied October 4, 1979.
Harry A. Stewart, Sanford, for appellants.
Harvey M. Alper and William H. Wack, of Law Offices of Alper & Wack, Altamonte Springs, for appellees and Harvey M. Alper as receiver, in pro per.
PER CURIAM.
The constitutionality of section 28.33, Florida Statutes (1977), which provides that interest accruing on funds in the registry of the court shall be deemed income of the Office of the Clerk of the Circuit Court, is before the court.[1] We hold the statute constitutional. Art. V, § 3(b)(1), Fla. Const.
*952 Eckerd's of College Park, Inc. (Eckerd's) entered into an agreement with Webb's Fabulous Pharmacies, Inc. (Webb's) to purchase Webb's assets. Eckerd's, pursuant to statutory authority, filed an interpleader action against Webb's and its creditors, tendering the purchase price of $1,812,145.77. The court appointed a receiver to determine the number and amount of claims filed against these funds and to establish accounts for the deposit of the funds.
On Eckerd's motion, the trial court ordered that the purchase price be deposited in the registry of the court. The court also ordered the clerk to deposit the funds in "an assignable interest bearing account at the highest rate of interest." The court reserved ruling on whether the interest earned on the money would accrue to the court clerk's office. The clerk followed the court's order. The receiver filed a motion seeking to obtain the interest earned on the money in the sum of $91,474.71. In an order granting the receiver's motion, the trial court held section 28.33, Florida Statutes (1977), unconstitutional to the extent it applied to these "private" monies. The clerk appealed to the Fourth District Court of Appeal and that court transferred the case to this court.
It is the receiver's position (apparently adopted by the trial court), that it is constitutionally inconsistent to have funds held by a receiver and invested by him to result in earnings to the prevailing party, yet funds held by the clerk of the circuit court earning interest to be kept for the general treasury. The statute is also unconstitutional, says the receiver, because it violates section 57.051, Florida Statutes (1977),[2] and constitutes either a taking without due process of law or an unlawful tax.
We begin our analysis by reviewing rules of law so well established as not to require citation. It is not this court's responsibility to determine the wisdom of legislative acts, nor is it the court's function to strike down legislative schemes because we would have fashioned different plans for achieving the desired results. We must begin with the presumption that the act is constitutional, and it is to be upheld unless a specific provision of the state or federal constitution is clearly violated.
Inherent in the trial judge's ruling is a finding that interest earned is the private property of the person ultimately receiving the principal. This proposition rests on the underlying premise that the principal remains private when deposited in the clerk's registry. Neither the premise nor the conclusion withstands close analysis.
Section 28.33 does two things: (1) it authorizes the clerk to invest money in the registry of the court in order to earn interest; and (2) it dictates the disposition of the interest earned. Without this statute, the clerk would have no authority to invest money held in the registry of the court. It is the statute itself which gives the authority to the clerk and outlines the method of disposition.
The notion that title to the interest flows from title to the principal is erroneous. As all other funds in that account, these funds are considered "public money" from the time they are deposited in the general registry of the court to the time they leave the account. See Money v. State ex rel. Florida First National Bank, 206 So.2d 436 (Fla. 1st DCA 1968); § 219.01(2), Fla. Stat. (1977).
*953 The receiver states that the interest retained by the clerk of court is either a fee or a tax. It is neither. The statute permits the state to retain only the amount representing interest earned on funds invested by the clerk, a function of the clerk expressly created by the statute. Interest accrues only because of section 28.33. In this sense, the statute takes only what it creates. Failure to recognize this fact would result in the erroneous holding that the clerk is required to pay interest on all funds on deposit with the registry of the court.
It is irrelevant that had these funds been initially held by a receiver, the interest earned would have accrued to the party receiving the principal. In that event, judicial discretion would have been exercised and the legislature, under our separation of powers doctrine, could not effect a change in the court's order. Art. II, § 3, Fla. Const. The legislature has the right, however, to decide that funds held by a public officer in a public account accrue to the benefit of all of the people.
There is no unconstitutional taking because interest earned on the clerk of the circuit court's registry account is not private property.
The rule announced today shall apply in this case and in all cases where deposits of funds are made after the effective date of this opinion.
Accordingly, the order of the trial judge is reversed, the statute is held to be constitutional, and the case is remanded to the trial court for further action consistent with this opinion.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.
OVERTON, J., concurs in part and dissents in part with an opinion.
OVERTON, Justice, concurring in part, dissenting in part.
I agree that the subject statute is constitutional but only if it is construed as directory rather than mandatory. In my opinion, the trial judge must have the discretionary authority to direct the disposition of the interest earned on funds placed in the registry of the court pursuant to a court proceeding. To hold otherwise allows the legislative branch to improperly interfere with the resolution of a judicial matter.
In my opinion, in order for the statute to be constitutional, the trial court must continue to retain its inherent discretionary authority to direct disposition of the interest earned on funds placed in the registry as part of a court action. Without such authority, the assertion that the retention of the interest by the county is an unconstitutional interference with the judicial process has merit. The clerk receives a fee separate from the interest for acting as a depository, so the interest cannot be considered as a service charge. Section 28.33, Florida Statutes (1977), concerns the investment of all county funds held by the clerk, not just funds in the court registry. Moneys deposited in the "registry of the court" are funds which are strictly and directly controlled by the court. This control is exclusively a judicial function. Allowing the clerk the discretion to earn interest on those funds without any judicial control results in a surcharge on the use of the justice system, and can neither be justified nor allowed if the courts are to be "open to every person for redress of any injury." Art. I, § 21, Fla. Const. In the instant case, the mandatory price tag for the use of the justice system, under the majority opinion, is $91,474.71. The impropriety of such a charge is even more egregious when we consider the fact that there are statutes which require the interpleading of funds into the registry of the court. See, e.g., § 676.106, Fla. Stat. (1977) [Uniform Commercial Code].
I would uphold the constitutionality of the statute and construe the part relating to court registry funds as directory, allowing the trial judge to affirmatively direct the disposition of interest earned. If there were no such affirmative judicial action, the interest earned would be disposed of in accordance with the statutory provision.
NOTES
[1] § 28.33, Fla. Stat. (1977), reads in pertinent part:

Moneys deposited in the registry of the court shall be deposited in interest-bearing certificates at the discretion of the clerk, subject to the above guidelines... . All interest accruing from moneys deposited shall be deemed income of the office of the clerk of the circuit court investing such moneys and shall be deposited in the same accounts as are other fees and commissions of the clerk's office. Each clerk shall, as soon as is practicable after the end of the fiscal year, report to the county governing authority the total interest earned on all investments during the preceding year.
[2] § 57.051, Fla. Stat. (1977), reads in pertinent part:

(1) PROHIBITION.  No officer shall make two charges for the same official act or service, nor charge for any constructive service. No fee shall be charged for any official service performed or claimed to be performed by any officer unless the fee is specifically authorized and its amount is specified by law.