PER CURIAM.
The judgment of this Court was entered on May 31, 1979, reversing the Order of Circuit Court in and for Seminole County, Florida, and holding section 28.33, Florida Statutes (1977), constitutional. Beckwith v. Webb’s Fabulous Pharmacies, Inc., 374 So.2d 951 (Fla.1979).
*1010 On December 9, 1980, the judgment of this Court was reversed with costs by the Supreme Court of the United States. - U.S. -, 101 S.Ct. 446, 66 L.Ed.2d 358. By mandate of that Court, this cause has been remanded to us for further proceedings not inconsistent with the opinion of the Supreme Court.
The portion of section 28.33, Florida Statutes, which the Supreme Court finds constitutionally objectionable is the portion which dictates disposition of the interest earned. This portion, however, cannot be validly severed from the portion of section 28.33 which provides: “Moneys deposited in the registry of the court shall be deposited in interest-bearing certificates at the discretion of the clerk, subject to the above guidelines.” The provision that “[a]ll interest accruing from moneys deposited shall be deemed income of the office of the clerk of the circuit court” is inseparably connected to the portion authorizing the clerk to invest the money. We cannot excise the constitutionally infirm portion of this statute while leaving intact the portion that provides “moneys deposited in the registry of the court shall be deposited in interest-bearing certificates at the discretion of the clerk, subject to the above guidelines,” without doing violence to the legislative purpose of this statute. High Ridge Management Corp. v. State, 354 So.2d 377 (Fla. 1977); Cramp v. Board of Public Instruction of Orange County, 137 So.2d 828 (Fla. 1962). Consequently, we hold that this portion of section 28.33 is also unconstitutional.
We note that without the above-quoted portion of section 28.33, Florida Statutes (1977), and in the absence of a court order, the clerk has no duty, or even discretion, to invest money deposited in the court registry in order to earn interest.
Accordingly, having now reconsidered our judgment in light of the opinion of the Supreme Court of the United States, we affirm the order of the circuit court.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON, ENGLAND and ALDERMAN, JJ., concur.