The Honorable Colemon W. Best Clerk of Courts Hardee County Post Office Drawer 1749 Wauchula, Florida 33873
Dear Mr. Best:
This is in response to your request for an opinion on substantially the following question:
 MAY THE CLERK OF CIRCUIT COURT, AS CUSTODIAN OF THE FUNDS OF THE BOARD OF COUNTY COMMISSIONERS, INVEST SUCH FUNDS AND CONSIDER THE INTEREST EARNED ON SUCH INVESTMENTS AS INCOME OF THE OFFICE OF THE CLERK?
Section 28.33, F.S., provides for the investment of county funds. This section mandates the clerk of circuit court to deposit funds in designated depository banks in interest-bearing certificates or invest in any direct obligations of the United States. Pursuant to this provision `[a]ll interest accruing from moneys deposited shall be deemed income of the office of the clerk of the circuit court investing such moneys and shall be deposited in the same accounts as are other fees and commissions of the clerk's office.' The clerk is responsible, after the end of the fiscal year, for reporting the amount of interest earned on all investments to the county governing authority. Section 28.33, F.S. But see Beckwith v. Webb's Fabulous Pharmacies, 394 So.2d 1009 (Fla. 1981), holding that s 28.33, F.S., is unconstitutional as it applies to private moneys constituting an interpleader fund which are deposited in the court registry and interest earned thereon.
In AGO 075-241A, this office was asked to opine as to whether interest accruing from the investment of county funds of which the clerk of circuit court has custody as custodian of county funds is deemed income of the clerk's office pursuant to s 28.33, F.S. Based upon an analysis of ss 28.33, 125.31, and 665.321, F.S., that opinion concluded that the clerk is entitled to retain as income of his office the earnings on investments of his own funds, such as commissions and fees, and the investments of surplus county funds when specifically authorized by resolution of the board of county commissioners to invest such funds and to credit the interest thereon as income of his office. However, the county commissioners may by resolution direct the clerk of the circuit court to invest surplus county funds in designated investments and to credit the interest earned to a particular fund of the county. The interest on public moneys collected by the circuit court clerk on behalf of the county (or any other local or state official or body) for subsequent distribution thereto and invested prior to distribution must be credited to the county (or other distributee), together with the principal, pursuant to s 219.075, F.S.
In the case of Alachua County v. Powers, 351 So.2d 32 (Fla. 1977), the Supreme Court held that the `clerk has investment discretion of county funds except for those surplus funds directed by resolution of the board to be invested pursuant to their directions.' The circuit court clerk had sued the board of county commissioners seeking a declaratory judgment to clarify his fiscal duties as clerk of the county commission. The issues presented included a request for clarification of the clerk's duties as investor of county funds. The Supreme Court, citing AGO 075-241A, stated that the board of county commissioners may designate, pursuant to s 125.31, F.S., the investment place of surplus funds by appropriate resolution and the clerk is required to carry out the board's directive. However, where the board does not so designate the investment of surplus funds, these funds are to be invested by the clerk pursuant to s 28.33, F.S. See also Part IV, Ch. 218, F.S., the `Investment of Local Government Surplus Funds Act,' which provides that the governing body of a local unit of government may, by resolution, authorize investment of its surplus funds in the trust fund created therein. As specified in s218.407(1), F.S., the governing body must determine that it is in the interest of the local governmental unit to deposit surplus funds in the trust fund and must name a local governmental official, who may be the clerk or other `chief financial officer' pursuant to s 218.403(1), F.S., who will be responsible for deposits to and withdrawals from the fund. The investment trust funds are then administered by the State Board of Administration pursuant to s 218.409, F.S.
In conclusion, it is my opinion, until legislatively or judicially determined otherwise, that the clerk of the circuit court has discretion as to the investment of county funds except for those surplus funds directed by resolution of the board of county commissioners to be invested pursuant to s 125.31, F.S., or Part IV, Ch. 218, F.S. Interest earned on investments made by the clerk of his own funds, such as fees and commissions, may be retained as income of that office and the board of county commissioners may, by resolution, direct surplus county funds to be invested and the interest thereon be credited to the clerk's office as income.
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General