Mr. David G. Conn Attorney Clerk of the Circuit Court St. Johns County 28 Cordova Street Post Office Box 408 St. Augustine, Florida 32084-0408
Dear Mr. Conn:
This is in response to your request for an opinion on substantially the following questions:
 (1) IS THE CLERK OF THE CIRCUIT COURT AUTHORIZED TO COLLECT A SERVICE CHARGE FOR RECEIVING MONEY INTO THE REGISTRY OF THE COURT PURSUANT TO s 28.24(13) ON FUNDS DEPOSITED IN THE REGISTRY OF THE COURT UNDER s 74.051, F.S., AS AMENDED BY CH. 82-117, LAWS OF FLORIDA?
 (2) IS THE CLERK OF THE CIRCUIT COURT AUTHORIZED TO INVEST WITNESS AND JURY FEES PAID TO THE CLERK PURSUANT TO CH. 40, F.S., AND TO COLLECT THE INTEREST EARNED THEREON AS INCOME TO THE OFFICE OF THE CLERK?
 (3) IS THE CLERK OF THE CIRCUIT COURT AUTHORIZED PURSUANT TO s 28.33 TO INVEST FUNDS DEPOSITED WITH THE CLERK UNDER THE MECHANIC'S LIEN LAW FOR THE PURPOSE OF TRANSFERRING A LIEN FROM REAL PROPERTY TO THE FUND AND TO COLLECT A MANAGEMENT FEE THEREON?
QUESTION ONE
Section 28.24, F.S. (1982 Supp.), sets out a schedule of charges for certain services rendered and duties performed by the office of the clerk of the circuit court and specifically provides in subsection (13) for the collection of a charge for "receiving money into the registry of court." The language of the statute is mandatory: "The clerk of the circuit court shall make the following charges for services rendered by his office . . . ." See, Taylor v. Tampa Electric Co, 356 So.2d 260 (Fla. 1978) (language of s 28.24 is mandatory and any exception to statute should be clear). However, in those counties where the clerk's office operates as a fiscal unit of the county pursuant to s145.022(1), F.S., section 28.24 provides that the clerk shall not charge the county for rendering the services or performing the duties enumerated therein.
Prior to the adoption of Ch. 82-117, Laws of Florida, s 74.051(3) provided a limited exception to the fees imposed by s 28.24 by stating that "[n]o sum refunded to the petitioner from the registry of the court pursuant to [Ch. 74, F.S.] shall be charged with commissions or poundage." See, s 74.051(2), F.S., which specifically provides, inter alia, for the procedure for a "quick taking" in eminent domain actions and states that if the court finds that the petitioner is entitled to possession of the property prior to final judgment, it shall enter an order requiring the petitioner to deposit in the registry of the court such sum of money as will fully secure and compensate the persons entitled to compensation as ultimately determined by the final judgment. In Taylor v. Tampa Electric Co., supra, the Florida Supreme Court held that the clerk of the circuit court had the statutory authority to exact from the "taker" a commission on those "quick taking" moneys deposited in the registry of the court which were disbursed to the landowner; however, the clerk was statutorily prohibited by s 74.051(3) from exacting a commission on those moneys refunded to the "taker." Stating that the language of s 28.24 is mandatory and that any exception thereto should be clear, the court concluded that s 74.051(3) provided such an exception with regard to those sums deposited in the registry of the court by and refunded to eminent domain petitioners in "quick taking" proceedings; no similar exception existed for moneys disbursed to the landowners and thus the court was of the opinion that the clerk was entitled to collect a service charge for receiving such funds into the registry of the court. Such fees or charges were not, however, to be deducted from the deposited "quick taking" money but rather were to be computed on the basis of the disbursed funds and paid by the "taker," either out of the remainder of the deposit or by another separate means. Cf., AGO 75-298. Thus under the court's decision, the clerk of the circuit court is under a mandatory duty to collect the service charges set forth in s 28.24 from all persons or entities not clearly excepted by statute, and all such persons or entities not so excepted are liable for such charges.
Section 2, Ch. 82-117, Laws of Florida, deleted the language in s74.051(3) which prohibited the imposition of fees on sums deposited by and returned to eminent domain petitioners. Under the rationale of the court in Taylor v. Tampa Electric Co., supra, and in the absence of any other provision excepting these funds from the service charges imposed by s 28.24, the clerk of the circuit court is under a duty to collect the service charges prescribed in s 28.24 for receiving money into the registry of the court. You question the clerk's authority to collect such fees, however, in light of the language contained in the title to Ch. 82-117, Laws of Florida, which states that it is an act "deleting a superfluous provision which prohibited deducting fees from principal sums deposited by eminent domain petitioners." The provisions of s74.051(3), as amended, are clear and unambiguous. While the title to an act may be resorted to in construing a statute where ambiguity exists, it should not be resorted to in order to make an ambiguity. See, 82 C.J.S. Statutes s 350 (where body of statute is free from ambiguity, the meaning expressed therein must be given effect without resort to the title and in no event should language of title be permitted to control expressions in *3221 the enacting clause in conflict therewith); 82 C.J.S. Statutes s 349 (in cases of doubt as to proper construction of the body of a statute, resort must be had to the preamble or recitals for the purpose of ascertaining intent; but where enacting part of statutes is unambiguous, its meaning will not be controlled or affected by anything in the preamble or recitals). See also, Carter v. Government Employees Insurance Co., 377 So.2d 242 (1 D.C.A. Fla., 1979) (courts may look to title of act in determining intent of legislature but language of title is not binding as to meaning and application of act); Strathearn S.S. Co. v. Dillon, 252 U.S. 348
(1920) (title cannot limit plain meaning of text though it may be looked to in aid of construction in cases of doubt).
Section 2, Ch. 82-117, Laws of Florida, clearly deletes and effectively repeals the limited prohibition against the clerk of the circuit court collecting a service charge on funds deposited in the registry of the court by and refunded to eminent domain petitioners in "quick taking" proceedings. I am not aware of any other provision which prohibits the clerk from collecting such a charge. Accordingly, I am of the opinion that the clerk of the circuit court is required to collect a service charge for receiving money into the registry of the court pursuant to s28.24(13) on all funds deposited or received into the registry under s 74.051, F.S., as amended.
QUESTION TWO
Your second inquiry concerns the clerk's authority to invest witness and jurors fees paid to the clerk pursuant to Ch. 40, F.S., and to collect the interest earned thereon as income of the clerk's office. Section 40.29, F.S. (1982 Supp.), requires that each quarterly fiscal period the clerk of the court make an estimate of the amount necessary for payment by the state of jurors in the circuit court and the county court, of witnesses before the grand jury, and of witnesses summoned to appear before the state attorney with respect to any investigation prior to an indictment being returned or information being filed as a result of such investigation. Such estimates are to be forwarded to the Comptroller by the clerk who shall make his requisition upon the Comptroller for the amount of the estimate. See, s 40.30, F.S., which provides that upon receipt of such estimate and requisition, the Comptroller shall endorse the amount he deems necessary for the pay of jurors and witnesses during the quarterly fiscal period, which endorsement shall be countersigned by the Governor, and shall transmit that amount by state warrant to the clerk making such requisition. You inquire as to whether the clerk may invest these funds pursuant to s 28.33, F.S., and collect the interest earned thereon as income of his office.
Section 28.33, F.S. (1982 Supp.), provides that the clerk of the circuit court in each county shall make an estimate of his projected financial needs for the county and shall invest any funds in designated depository banks in interest-bearing certificates or in any direct obligations of the United States in compliance with federal laws relating to the receipt of and withdrawal of deposits. The statute, however, relates to the investment of county funds (except to those moneys deposited in the registry of the court by persons or entities other than the county). See, e.g., title to s 28.33 — Investment of county funds. The clerk in receiving and disbursing the witness and jurors fees is acting, in effect, as the disbursing agent of the state in meeting its obligations to pay jurors and witnesses fees in certain actions; any funds remaining after such disbursements have been made must be returned to the state. See, s 40.35(1), F.S., which requires the clerk, within two weeks after the last day of the quarterly fiscal period, to render a full statement of his accounts for moneys received and disbursed by him under Ch. 40 and to refund any balance to the Comptroller. Such funds do not appear to be "county funds" and thus the provisions of s 28.33, F.S. (1982 Supp.), are, in my opinion, inapplicable. To the extent that such moneys may become refundable to the state, they may fall within the purview of s 219.075, F.S. However, under the provisions of that statute, any investment earnings on such moneys pending refund to the state are required to be credited and paid to the state. Accordingly, I am of the opinion that s 28.33, F.S. (1982 Supp.), does not authorize the clerk of the circuit court to invest the witness and jurors fees paid to the clerk pursuant to Ch. 40, F.S.
QUESTION THREE
Your third question concerns the authority of the clerk of the circuit court under s 28.33, F.S. (1982 Supp.), to invest funds deposited with the clerk under the Mechanic's Lien Law for the purpose of transferring the lien from real property to other security. Section 713.24(1), F.S., provides that a lien claim under Part I, Ch. 713, F.S., the Mechanic's Lien Law, may be transferred by any person having an interest in the real property upon which the lien is imposed or the contract under which the lien is claimed, from such real property to other security by, inter alia, depositing a sum of money in the clerk's office. Such deposit is to be used to pay any judgment or decree which may be rendered in satisfaction of the lien for which the claim or lien was recorded and costs not to exceed $100.
Subsection (2) of s 713.24 expressly states that "[a]ny deposit of money shall be considered as paid into court and shall be subject to the provisions of law relative to payments of money into court and the disposition of same." Thus, money deposited with the clerk pursuant to s 713.24(1) is, in my opinion, paid into the registry of the court and pursuant to s 28.24(13), F.S. (1982 Supp.), the clerk of the circuit court is entitled to collect a service charge for receiving such funds into the registry of the court. These funds deposited into the registry of the court are private moneys. See, s 713.24(2) which provides that any excess of security over the aggregate amount of any judgments or decrees rendered plus costs actually taxed shall be repaid to the party filing the same or his successor in interest. And see, s 713.24(4) stating that if no proceeding to enforce a transferred lien is commenced within the time period specified in s 713.22 or it appears that the transferred lien has been satisfied of record, the clerk shall return said security upon the request of the person depositing or filing the same, or the insurer. You inquire as to whether the clerk may invest such funds pursuant to s *3222 28.33 and collect a management fee thereon.
Section 28.33, F.S. (1982 Supp.), authorizes the investment of county funds. The statute, however, also provides that money deposited in the registry of the court shall be deposited in interest-bearing certificates at the discretion of the clerk subject to the guidelines prescribed therein. The statute formerly provided that any interest earned on the investment of such funds "shall be deemed income of the office of the clerk of the circuit court investing such moneys and shall be deposited in the same accounts as are other fees and commissions of the clerk's office." In Webb's Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 155
(1980), the United States Supreme Court held that portion of s28.33 stating that interest earned on the investment of moneys deposited in the registry of the court shall be deemed to be income of the office of the clerk, unconstitutional as it applied to private moneys. The court held that "[w]here there is a separate and distinct state statute authorizing a clerk's fee `for services rendered' based upon the amount of principal deposited; where the deposited fund itself concededly is private; and where the deposit in the court's registry is required by state statute in order for the depositor to avail itself of statutory protection from claims of creditors and others," the clerk taking any interest earned on the investment of such deposited funds while in the registry of the court was a taking violative of the Fifth andFourteenth Amendments to the United States Constitution.449 U.S. at 164-165. The Court expressed no view as to the constitutionality of a statute that prescribes a county's retention of interest earned, where the interest would be the only return to the county for services it renders. On remand of this issue back to the Florida Supreme Court, the Florida Supreme Court in Beckwith v. Webb's Fabulous Pharmacies, Inc., 394 So.2d 1009
(Fla. 1981), held that "[w]e cannot excise the constitutionally infirm portion of [s 28.33] while leaving intact the portion that provides `moneys deposited in the registry of the court shall be deposited in interest-bearing certificates at the discretion of the clerk, subject to the above guidelines,' without doing violence to the legislative purpose of this statute," and thus the court concluded that in the absence of a court order, the clerk has no duty or even discretion to invest money deposited in the court registry in order to earn interest.
The statute, however, has since been amended by the Legislature to authorize the clerk of the circuit court to invest such registry money and collect an investment management fee therefor. See s 1, Ch. 82-117, Laws of Florida. The amended statute is presumptively valid and must be given effect until the courts declare otherwise. Cf., Pickerill v. Schott, 55 So.2d 716 (Fla. 1951); Evans v. Hillsborough County, 186 So. 193 (Fla. 1938); State ex rel. Gillespie v. Thursby, 139 So. 372 (Fla. 1932). This office is not authorized to declare a statute unconstitutional; therefore, I cannot say that the clerk of the circuit court is not authorized to collect the management fee in question. Nevertheless, in view of the holdings in the aforecited decisions of the United States Supreme Court and the Florida Supreme Court, I feel compelled to note that the provisions of s 28.33 relating to the investment of private funds in the court registry by the clerk and the taking of a portion of the interest earned on the investment of such deposited funds in the guise of an investment management fee may well fall within the proscription of Webb's Fabulous Pharmacies, Inc., supra, or be constitutionally suspect and subject to challenge on constitutional grounds in the courts; however, this office must presume the constitutionality of a statute until declared otherwise in a court of competent jurisdiction.
In summary, I am of the opinion, until and unless judicially or legislatively determined otherwise,
 1) The clerk of the circuit court is required to collect a service charge for receiving money into the registry of the court pursuant to s 28.23(13) on all funds deposited into the registry of the court under s 74.051, F.S. (1982 Supp.);
 2) Section 28.33, F.S. (1982 Supp.), does not authorize the clerk of the circuit court to invest the witness and jurors fees paid to the clerk pursuant to Ch. 40, F.S. To the extent such moneys may become refundable to the state, they may fall within the purview of s 219.075, F.S.; however, any investment earnings on such moneys pending refund to the state are required to be credited and paid to the state; and
 3) Pursuant to s 28.24, F.S. (1982 Supp.), the clerk of the circuit court is entitled to collect a service charge for receiving money into the registry of the court and pursuant to s 28.33, F.S. (1982 Supp.), is authorized to invest such registry moneys and collect an investment management fee therefor. In light of the United States Supreme Court's decision in Webb's Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 155 (1980), and the Florida Supreme Court's decision on remand, Beckwith v. Webb's Fabulous Pharmacies, Inc., 394 So.2d 1009 (Fla. 1981), the provisions of s 28.33 relating to the investment of private funds in the registry of the court by the clerk and the taking of a portion of the interest earned on such investments in the guise of an investment management fee may well fall within the proscription of Webb's Fabulous Pharmacies, Inc., supra, or be constitutionally suspect and subject to challenge on constitutional grounds in the courts. This office, however, must presume the constitutionality of the statutes unless and until declared otherwise by a court of competent jurisdiction.
Sincerely,
Jim Smith, Attorney General
Prepared by: Joslyn Wilson, Assistant Attorney General