Mr. Michael A. Rider Attorney for Glades County Board of County Commissioners 13 Oak Street Post Office Box 608 Lake Placid, Florida 33852
Dear Mr. Rider:
This is in response to your request, in your capacity as attorney for the Glades County Board of County Commissioners for an opinion on the following question:
 UPON AUTHORIZATION BY THE BOARD OF COUNTY COMMISSIONERS, MAY THE CLERK PAY TO HIMSELF FROM THE "FIFTH AND SIXTH CENT" GAS TAX MONIES A SERVICE CHARGE OR ADMINISTRATION FEE FOR HIS EFFORTS IN PROVIDING INVESTMENT, ACCOUNTING AND BOOKKEEPING SERVICES FOR THOSE FUNDS ON BEHALF OF THE BOARD?
Your letter of inquiry states that the Clerk of the Circuit Court for Glades County, acting on behalf of the Board of County Commissioners of that county, has experienced "a tremendous increase in accounting and bookkeeping costs" through his office due to the administration of "fifth and sixth cent" gas tax funds. You note that the clerk has asked the Board of County Commissioners for authorization to charge some type of fee against these gas tax funds for investment, accounting and bookkeeping services. This opinion is expressly limited to a consideration only of the clerk's authority to charge a service charge or administrative fee from the fifth and sixth cent gas tax.
As a general rule, public officers, such as the clerk of the circuit court, have no legal claim for official services rendered, except when and to the extent that, compensation is provided by law; when no compensation is provided, the rendition of such service is deemed to be gratuitous. Attorney General Opinions 67-44; 79-8; 75-250; 51-160, January 14, 1951, Biennial Report of Attorney General, 1951-1952, p. 42; 53-188, August 6, 1953, Biennial Report of Attorney General, 1953-1954, p. 255; Rawls v. State ex rel. Nolan, 122 So. 222 (Fla. 1929); Gavagan v. Marshall,33 So.2d 862 (Fla. 1948); Pridgeon v. Folsom, 181 So.2d 222 (1 D.C.A. Fla., 1965). See also, 14 C.J.S. Clerks of Courts s 9 (noting that clerk takes his office cum onere and must perform gratuitously those official duties for which no compensation is provided by law). The right to fees collected by an officer depends on statute, and fee statutes are to be strictly construed. Bradford v. Stoutamire, 38 So.2d 684 (Fla. 1948); 67 C.J.S. Officers and Public Employees s 224(b). See also, s 5(c), Art. II, State Const., which expressly provides that the "powers, duties, compensation and method of payment of state and county officers shall be fixed by law" (e.s.); s 1(d), Art. VIII, State Const., providing that the clerk of the circuit court, a county officer, where not otherwise provided by county charter or special law approved by vote of the electors, serves as "ex officio clerk of the board of county commissioners, auditor, recorder and custodian of all county funds"; s 16, Art. V, State Const.; ss 125.17 and28.12, F.S.; Alachua County v. Powers, 351 So.2d 32 (Fla. 1977).
The tax monies involved in your question — the "fifth and sixth cent" gas tax — are imposed pursuant to s 9(c), Art. XII, State Const., therein referred to as the "second gas tax." Both the State Constitution, s 9(c)(1), and its statutory implementation, s206.41, F.S., specify this tax to be "two cents per gallon." This tax was labelled "second gas tax" in s 16, Art. IX of the 1885 Constitution, as amended, to distinguish it from the state tax already imposed on like fuels and in effect at that time. See, Ch. 15659, 1931, Laws of Florida, and former s 208.04, F.S. 1941, subsequently codified as s 206.41, F.S., and then amended in 1983 to delete reference to and description of the "first gas tax." Section 206.41, F.S., for purposes of clarity, designates the second gas tax as the "constitutional gas tax." I also note that this tax is distinct from that imposed pursuant to s 206.60, F.S., "County tax on motor fuel," which is alluded to in your letter.
Nothing in s 9(c), Art. XII, appears to authorize the clerk to collect a fee or charge for the services described in your letter; s 9(c)(4) merely provides in pertinent part for these monies to be "allocated to the account of each of the several counties" in the amounts specified therein. Moreover, my review of the pertinent statutes has not revealed any statutory provision which would authorize payment to the clerk of a fee for his efforts in providing accounting and bookkeeping services for the tax monies in question.
Additionally, my research did not reveal, nor have you brought to my attention, any special law which authorizes such a fee. See, ss206.41; 206.45(1) (providing for remittance of the constitutional gas tax to the State Board of Administration for distribution as provided in the State Constitution); s 206.47 (implementation of the constitutional scheme of distribution); ss 215.20 and 215.22
(providing for a service charge to be deducted from the Gas Tax Collection Trust Fund [which contains constitutional gas tax funds, among other types of gas taxes] with such service charge or deduction to be deposited in the General Revenue Fund); s 339.083 [transferred to s 336.022, F.S. (1984 Supp.)] (providing for a county transportation trust fund into which all funds received by a county for transportation shall be deposited, specifying that "[n]o expenditures other than transportation expenditures authorized by law shall be made from such fund," and providing for periodic audit by the Auditor General to assure that these funds are expended in accordance with law); Ch. 28, ss 28.12 and 28.24. Compare, s 28.24(13) (authorizing a service charge for "receiving money into the registry of court," which duty is to be distinguished from the clerk's duties as "custodian of all county funds," imposed by s 1, Art. VIII and implemented by ss 28.12 and125.17). And see, AGO 75-241 (distinguishing county funds from money in the registry of court).
However, the provisions of s 28.33, F.S., "Investment of county funds" do provide authority for the clerk, under certain circumstances, to retain interest earned from investment of surplus funds. Section 28.33 provides in pertinent part:
 Except for interest earned on moneys deposited in the registry of the court, all interest accruing from moneys deposited shall be deemed income of the office of the clerk of the circuit court investing such moneys and shall be deposited in the same account as are other fees and commissions of the clerk's office. . . .[1] (e.s.)
Attorney General Opinions 75-241 and 75-241A, in construing s28.33, concluded that the circuit court clerk is entitled to retain as income of his office the earnings from investments of his own funds, such as fees and commissions, and from the investments of surplus county funds when specifically authorized by resolution of the board of county commissioners to invest such funds and to credit the interest thereon as income of his office. See also, Alachua County v. Powers, supra (also construing s 28.33
and concluding that the clerk has investment discretion of county funds except for those surplus funds directed by the board of county commissioners to be invested pursuant to their directions), and AGO 82-29 (reiterating the rules stated in Powers, supra, and AGO 75-241A).
In summary, until legislatively or judicially determined otherwise, it is my opinion that the clerk of the circuit court is not authorized to exact a service charge or administration fee from "fifth and sixth cent" gas tax monies for his efforts in providing investment, accounting and bookkeeping services for those funds on behalf of the board of county commissioners; however, the clerk may retain as income of the office of clerk of the circuit court the earnings from investments of surplus county funds except as otherwise directed by the board of county commissioners.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General
[1] I note in passing that s 28.33 was amended in 1982 (Ch. 82-117, Laws of Florida) following the 1980 judgment of the Supreme Court of the United States in Webb's Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 155 (U.S. 1980), on remand, Beckwith v. Webb's Fabulous Pharmacies, Inc., 394 So.2d 1009 (Fla. 1981), finding a portion of s 28.33 (as it existed prior to the 1982 amendment) unconstitutional. The amended statute is presumptively valid and must be given effect until the courts declare otherwise.