PIERCE, Judge.
^ This is an appeal taken by the condemnor, City of Sarasota, in an eminent domain proceeding pursuant to Chaps. 73 and 74 F.S., from a final order denying the City’s petition to require the Circuit Clerk for Sarasota County to pay the condemnor the funds then remaining in his registry, after paying out the required amounts to the landowners-defendants at the conclusion of the proceedings, and without deducting from the remaining funds any clerk’s fees on the sums of money paid out.
The Clerk had already paid to the various landowners those sums to which they were found entitled by virtue of the merits of the eminent domain proceeding. Out of the remaining fund, the lower Court found the Clerk to be entitled to a fee, pursuant to Section 28.24, Florida Statutes, 1963, F.S. A., on those sums paid to meet the award fixed by the jury and judgment of the Court, but not on the excess in the registry, since such balance was held not to be a “pay-out”, but merely a return of the con-demnor’s money.
The appellant has assigned various errors, the crux of them being that the court erred in finding Section 28.24 applicable to the sums deposited in the Court’s registry in the instant case.
We agree with appellant.
Sections 74.05,[1] 74.06,[2] and 74.11,[3] F.S., provide for the monies paid into the registry of the Court pursuant to the statutory *11 •proceedings supplemental to eminent domain, initiated with the declaration of taking, to be free of commissions or “poundage”, and further that those sums not necessary to satisfy the judgment in favor of the landowners be returned to the condemning authority.
F.S. Sec. 28.24, F.S.A. provides for clerk’s fees on monies paid out of the registry unless otherwise provided.
The various sections of Chapter 74 before cited, seem to clearly provide for no commissions on the sums deposited and for the return to the condemnor of the entire amount over and above that distributed to the landowners pursuant to the award and judgment. This does not allow the construction calling for a deduction for clerk’s fees. The legislature provided for clerk’s fees in Section 28.24 only where there was no contrary provision in another statute. Chapter 74 is clearly contrary. Where there is no ambiguity in a statute, there is no authority for the court to construe the same, State ex rel. Green v. City of Pensacola, Fla.1961, 126 So.2d 566, and its plain meaning will not be disturbed, Hooper v. State Road Dept., Fla.App.1958, 105 So.2d 515; Vocelle v. Knight Bros. Paper Co., Fla.App.1960, 118 So.2d 664. The legislative intent is made manifest in the clear language used and therefore the need for construction is not activated. Platt v. Lanier, Fla.App.1961, 127 So.2d 912.
For the reasons above given the order appealed is hereby reversed.
Reversed.
HOBSON, Acting C. J., and STEPHENSON, GUNTER, Associate Judge, concur.

. 74.05 Payment into Court
Tlie court, after tlie close of testimony, .shall make such order as the court deems ¡proper, securing to all parties all rights rto which they may be entitled. If the ■court finds that the petitioner is entitled •to possession of the property prior to ■final judgment, the court shall enter an -order requiring the petitioner to deposit in the registry of the court such sum of money as the court shall determine will fully secure and fully compensate the persons lawfully entitled to compensation, as ultimately determined by final judgment of the court, which said deposit shall not be less than double the value as fixed by the appraisers appointed by the court; except that in the event the petitioner is acquiring right of way for the state highway system, or flood control purposes, or part of the turnpike system, or where the petitioner seeks to condemn property for school purposes or use, such petitioner shall be required to deposit such sum as the court shall determine will fully secure and fully compensate the persons lawfully entitled to compensation, which deposit shall not be loss than one hundred per cent of the value as fixed by the court-appointed appraisers.
If the sum so fixed by the court is not deposited within twenty days after the date of such order, the order shall be void and of no further force or effect, provided that no sum paid into the registry of the court pursuant to this chapter shall be charged with commissions or poundage.

. 74.06 Vesting of title to property
Immediately upon the making of the deposit provided for in § 74.05, title to the said lands in fee simple absolute or such less estate or interest therein as is specified in said declaration shall vest in the petitioner and said lands shall be deemed to be condemned and taken for the use of the petitioner and the right to just compensation for same shall vest in the persons entitled thereto; and said compensation shall be ascertained and awarded in said proceeding and established by judgment therein and said judgment shall *11 include as a part of the just compensation awarded, interest at the rate of six per cent per annum on the amount finally awarded as the value of the property, from the date of the surrender of possession to the date of payment, but interest shall not be allowed on so much thereof as may have been paid into court. No sum so paid into court shall T>e charged with commissions or poundage. (Emphasis supplied).

. 74.11 Appellate proceedings
In event no writ of error has been issued in said cause within thirty days after the rendition of the judgment, the clerk of said court shall pay to the judgment creditor the sum necessary to satisfy the judgment from the funds on deposit, and upon order of the court shall refund to the petitioner any sum from the deposit not necessary for the satisfaction of said judgment. * * *