QUESTION: What is the appropriate method for payment by a condemning authority of the poundage due the clerk of the circuit court upon moneys deposited in the registry of the court pursuant to an order of taking under Ch. 74, F.S.?
SUMMARY: In eminent domain proceedings under Ch. 74, F.S., the circuit court clerk must wait until all moneys required to be paid out of the registry of the court to the defendant have been disbursed before collecting from the condemning authority the fee to which the clerk is entitled under s. 28.24, F.S., for receiving money into the registry of the court. Section 74.051(2), F.S., specifically provides, among other things, for the procedure for a "quick taking" as follows: If the court finds that a petitioner is entitled to possession of the property prior to final judgment, it shall enter an order requiring the petitioner to deposit in the registry of the court such sum of money as will fully secure and fully compensate the persons entitled to compensation as ultimately determined by the final judgment. Said deposit shall not be less than the amount of the petitioner's estimate of value, if the petitioner be the state or any agency thereof, any county, city or other public body; otherwise, double the amount of petitioner's estimate of value. . . . (Emphasis supplied.) Immediately upon making the deposit in the registry of court, the title or interest specified in the petition shall vest in the petitioner and rights to compensation shall vest in the persons entitled thereto. Section 74.061, F.S. And upon motion of the landowner in "quick taking" proceedings, the court may, prior to final judgment, direct that the sum set forth in the declaration of taking "be paid forthwith to such defendants from the money deposited in the registry of court." Section 74.071, F.S. Section 28.24(14), F.S., provides the fee that the clerk of the circuit court shall charge for "receiving money into the registry of court." However, s. 74.051(3), F.S., provides in part that "[n]o sum refunded to the petitioner from the registry of court pursuant to this chapter shall be charged with a commission or poundage." (Emphasis supplied.) It is a fundamental rule of statutory construction that statutes relating to the same subject should be construed together. Markham v. Blount, 175 So.2d 526
(Fla. 1965). And the clerk's fees provided by the Legislature in s. 28.24, F.S., are applicable only where there is no contrary provision in another statute. City of Sarasota v. Burch,192 So.2d 9 (2 D.C.A. Fla., 1966). Thus, at least as it relates to eminent domain proceedings pursuant to Ch. 74, F.S., no commission or poundage is chargeable by the clerk on the sum refunded to the petitioner, although the clerk is entitled to his statutory fee on the sum paid to the defendants. And it is only after all payments have been completed that it may be determined the exact amount upon which the clerk may assess his fee. Nowhere does Ch. 74, F.S., authorize the clerk to deduct or withhold from any moneys deposited in the registry of court any sum for his commission or poundage, even out of the surplus, if there by any. And in absence of such authority, the clerk may not act. See Security Finance Co. v. Gentry, 109 So. 220 (Fla. 1926). In summary — upon completion of payment of all moneys required to be paid out of the registry of court to the defendant, the clerk should bill the condemning authority for his commission and poundage which should then be promptly paid out of funds available for that purpose.