PER CURIAM.
This case comes before this court on an appeal from a final order of the circuit court directing the clerk of that court to refund commissions which had been collected on a portion of monies paid into the registry of the circuit court in an eminent domain proceeding.
Appellee, an electric company, was the petitioner in an eminent domain proceeding pursuant to Chapters 361 and 73, Florida Statutes. In the petition, the appellee sought to utilize the quick taking procedures provided by Chapter 74. Appellee deposited the appropriate sum into the registry of the court along with its declaration of taking. An order of taking was duly entered.
Appellee directed the clerk of the circuit court to refrain from deducting any clerk’s commissions from the respective defendants at the time of final judgment. After the final judgments were all entered the appel-lee requested a refund of all monies remaining in the registry of the court. The appellant, the clerk of the circuit court, demanded payment of a commission of $1,378.82 on the funds which had been distributed to the various defendants. No commission was sought upon the funds to be refunded.
*350 Appellee paid the commission under protest, withdrew the remaining funds from the registry of the court, and filed a motion for an order directing the clerk to refund commissions exacted. The circuit court granted the motion. It is from that order that appellant appeals.
The issue before this court is whether a clerk of a circuit court may collect a commission on funds disbursed from the registry of the court to a defendant in an eminent domain proceeding utilizing Chapter 74 F.S. We hold that a clerk cannot collect such a commission.
Florida Statutes § 74.051 (1965) provided in part that:
“. . . [N]o sum paid into the registry of the court pursuant to this chapter shall be charged with commissions or poundage.”
In City of Sarasota v. Burch, 192 So.2d 9 (Fla.App.2d 1966) this court held that in eminent domain proceedings the above-cited statute prevented a clerk from collecting a commission on sums paid to defendants or refunded to a petitioner from funds deposited in the court registry.
Fla.Stat. § 74.051(3) (1975) presently provides in part that:
“No sum refunded to the petitioner from the registry of the court pursuant to this chapter shall be charged with commissions or poundage.”
Appellant contends that the change in statutory language manifests an intent by the legislature to allow the clerk of the court to charge a commission on funds paid over to defendants which are not refunded to the petitioner.
At the time the legislature made the above-cited change in language, the legislature also added the following language to Fla.Stat. § 74.051(3):
“The clerk is authorized to invest such deposits so as to earn the highest interest obtainable under the circumstances in state or national financial institutions in Florida insured by the Federal government. Any interest earned shall be credited to the secondary road fund of the respective county.”
The majority of condemnation proceedings under Chapter 74, F.S. are brought by governmental bodies which would have to use public funds to pay a commission to the clerk on the monies deposited in the registry of the court. Fla.Stat. § 74.011 (1975) provides that certain privately owned utility cooperatives or corporations may avail themselves of the chapter to acquire a “quick taking.”
In 1967, in order to receive some income from the monies deposited in the registry of the court, Fla.Stat. § 74.051(3) was amended to authorize the clerk to invest these funds to earn interest.
Therefore, we hold that the legislative intent in changing the language of Fla.Stat. § 74.051(3) was to allow the clerk of the court to make investments and not to authorize the collection of commissions.
Accordingly, the order appealed is AFFIRMED.
McNULTY, C. J., and HOBSON and BOARDMAN, JJ., concur.