356 So.2d 260 (1978)
James F. TAYLOR, Jr., Etc., Petitioner,
v.
TAMPA ELECTRIC CO., Etc., et al., Respondents.
No. 50049.
Supreme Court of Florida.
February 16, 1978.
*261 John W. McWhirter, Jr., of Cason, McWhirter, Henderson & Stokes, Tampa, for petitioner.
James V. Lau, of Holland & Knight, Tampa, for respondents.
Fred W. Baggett, General Counsel, Tallahassee, for Florida Ass'n of Court Clerks as amicus curiae.
BOYD, Justice.
We have before us a petition by James F. Taylor, Jr., Clerk of the Circuit Court for Hillsborough County, for certiorari to the District Court of Appeal, Second District. We have jurisdiction because the decision of the District Court in this cause affects a class of constitutional officers:[1] Clerks of the Circuit Courts of this State.[2] The issue presented by the petition is whether a circuit court clerk may exact a commission on funds disbursed to eminent domain defendants which had been deposited in the court registry through the supplemental "quick taking" proceedings of Chapter 74, Florida Statutes.
Under the authority of Chapter 73, Florida Statutes, Tampa Electric Company, a public utility, filed in the Circuit Court in Hillsborough County a petition to exercise its power of eminent domain.[3] In its petition the utility sought to avail itself of the provisions of Chapter 74, Florida Statutes, which give eminent domain petitioners the right to take possession and title of the land to be condemned by way of a supplemental proceeding, in advance of final judgment in the main proceeding. A sum of money double the value of the utility's estimate of the land in issue was deposited by the utility in the court registry, as ordered by the Circuit Court pursuant to Section 74.051(2). The utility directed the Clerk of the Court to refrain from exacting a commission from the defendants for the funds disbursed to them out of the registry. After disbursement to the defendants and final judgment, the utility requested a refund of the remainder of its deposit in the registry. The Clerk did not attempt to exact a commission on the refund, but he demanded payment by the utility of $1,378.82 as a commission on the funds disbursed to the defendants. Under protest the utility paid the commission and then moved the Court for an order directing the Clerk to return it. The Court entered the order and on appeal by Circuit Clerk Taylor the Second District Court of Appeal affirmed. Taylor v. Tampa Electric Co., 335 So.2d 349 (Fla. 1976).
In affirming the lower court order the District Court referred to City of Sarasota v. Burch, 192 So.2d 9 (Fla.2d DCA 1966). It was held in that case that a clerk was prohibited from collecting a commission on sums paid to eminent domain defendants from registry funds deposited in a "quick taking" proceeding. Burch based its holding on Section 74.05, Florida Statutes (1965), which reads:
"... [N]o sum paid into the registry of the court pursuant to this chapter shall be charged with commissions or poundage."
*262 The foregoing statute clearly forbade the exaction of a commission on any sum paid into the court registry pursuant to the "quick taking" provisions of Chapter 74, Florida Statutes. But in 1967, after the Burch decision, Section 74.051(3) was amended by Chapter 67-370, Laws of Florida,[4] to prohibit the exaction of a clerk's commission on "quick taking" sums "refunded to the petitioner" rather than on all "quick taking" sums "paid into the registry." Circuit Court Clerk Taylor argued before the District Court that, since the statute's amendment, Clerks are no longer prohibited from exacting commissions on sums paid into the registry in a Chapter 74 proceeding except for those refunded to the eminent domain petitioner, and, therefore, it was proper to exact a commission on that portion of the utility's deposit disbursed to the defendants. The District Court held otherwise because Section 74.051(3) had been amended a second time to authorize Clerks to invest "quick taking" deposits and to provide that the interest from such investments be credited to the county secondary road fund. See Chapter 70-365, Laws of Florida. The Court reasoned that since the second amendment allowed Clerks to receive income from monies on "quick taking" deposits and since this amendment occurred in 1967, the same year as the first amendment,
"... the legislative intent in changing the language of Fla. Stat. § 74.051(3) was to allow the clerk of the court to make investments and not to authorize the collection of commissions." 335 So.2d at 350.
Circuit Clerk Taylor now renews his argument that the present statute does not prohibit exaction of commissions on funds disbursed to "quick taking" defendants. His position is supported by a brief filed by the Florida Association of Court Clerks as a friend of the Court. The Association's brief stresses the detrimental impact on the offices of Circuit Court Clerks statewide that the District Court's decision is likely to have.
Section 28.24, Florida Statutes (1975), sets out a schedule of charges for services rendered by the offices of the Circuit Court Clerks. Among the services to be charged is the receipt of money into the registry of the Court.[5] Since the language of the statute is mandatory, "The Clerk of the Circuit Court shall make the following charges for services rendered by his office," (emphasis ours) any exception to the statute should be clear. Section 74.051(3), Florida Statutes, upon which the utility pins its refusal to pay the commission does not except "quick taking" sums disbursed to eminent domain defendants from deposits received in the court registry. In fact, the section does not even mention such disbursements. Rather the section's exception is limited to sums "refunded to the petitioner."
The District Court's reliance on the "investment" amendment misses the mark in two ways. First, the office of the Clerk receives no income from the investment's earnings. All such interest is earmarked for the county's secondary road fund. Second, the "investment" amendment was not enacted in the same year as the amendment which narrowed the exception to the Clerk's charge. The latter amendment was enacted in 1967, Chapter 67-370, Laws of Florida, while the former amendment was not enacted until three years later in 1970. Chapter 70-365, Laws of Florida.
Section 74.051(3) by its plain language does not except from Clerk charges funds disbursed to defendants. The Legislature should be taken to intend what it plainly states by statute unless circumstances can be shown which substantiate intent to depart from the plain language. Tampa Electric Company has not shown such circumstances and the District Court's reliance on the "investment" amendment for establishment *263 of such circumstances is mistaken. The District Court of Appeal erred in affirming the order of the trial court.
The Clerk of the Hillsborough County Circuit Court, therefore, has the statutory authority to exact from the "taker" a commission on those "quick taking" monies deposited in the registry which are disbursed to the landowner. Exaction of a commission on the monies deposited in the "quick taking" proceeding that are refunded to the taker is clearly in violation of Section 74.051(3), Florida Statutes, and, of course, is forbidden.
One point remains to be clarified. Article X, Section 6(a) of the Florida Constitution requires for the taking of private property that "full compensation" be "paid to each owner or secured by deposit in the registry of the Court and available to the owner." The constitutional provision mandates full compensation to the landowner. As applied to this case, it means that the commission may not be deducted from those deposited funds to be disbursed to the landowner. Rather, it is simply computed on the basis of the disbursed funds and paid by the taker, either out of the remainder of the deposit or by another separate means. Under no circumstances may the commission be required to be paid, directly or indirectly, by the landowner.
The opinion of the District Court is quashed and the cause is remanded with directions to vacate the order to return the commission.
It is so ordered.
OVERTON, C.J., and ADKINS, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.
[2] See Art. V, § 16, Fla. Const.
[3] See Chapter 361, Florida Statutes.
[4] The amendment deleted: "... [N]o sum paid into the registry of the court pursuant to this chapter shall be charged with commissions or poundage." And, in its place, inserted: "No sum refunded to the petitioner from the registry of the court pursuant to this chapter shall be charged with commissions or poundage."
[5] § 28.24(14), Florida Statutes.