McCORD, Judge.
Pursuant to the entry of a final judgment of foreclosure, the Clerk of the Circuit Court in and for Alachua County held a foreclosure sale at which a third-party bidder submitted the highest and best bid. After performing his duties provided in Section 45.031(1), Florida Statutes, the Clerk issued his certificate of disbursements of proceeds of the sale. In addition to withholding from the bid amount the fee provided for in the foregoing statute he withheld an additional clerk’s fee in the amount of $149.60 as provided in Section 28.24(14), Florida Statutes, for placing the proceeds of the sale in the registry of the court preliminary to disbursing them in accordance with the court’s judgment. Ap-pellee, the mortgagee, timely filed an objection to the Clerk’s entitlement to the registry fee. The trial court entered its order requiring the Clerk to pay over to the mortgagee the $149.60 sum, holding that the $25 fee provided for in Section 45.031(1) was the only fee to which the Clerk was entitled.
We find the trial court’s determination was correct. Section 28.24 sets out the service charges to be made by the Clerk of the Circuit Court for the various general services rendered by his office. Subsection (14) thereof provides for a fee for receiving money into the registry of the court of one percent of the first $500 and one-half percent for each subsequent $100. Section 45.-031, on the other hand, governs judicial sales procedure, and it sets out the fee to be charged by the clerk “for his services in making, recording and certifying the sale and title” — $25. Subsection (6) thereof further provides: “On filing a certificate of title the clerk shall disburse the proceeds of the sale in accordance with the order or final judgment, ...” This statute mentions no clerk’s fee for administering judicial sales other than the $25 fee. As a part of his duties in handling the sale, the Clerk must receive the purchase money and then disburse it in accordance with the court’s order on final judgment. For the services he performs, Section 45.031 allows him the $25 service charge. This fee for handling a judicial sale is obviously an alternate fee to the Section 28.24 general schedule of the Clerk’s service charges. Section 28.24 governs the general charges, but Section 45.031 governs the particular charge for a judicial sale.
Appellant relies upon Taylor v. Tampa Electric Company, 356 So.2d 260 (Fla.1978), in support of his contention that he is required to receive the fee provided in the general schedule for placing the proceeds of the judicial sale in the registry of the court. Taylor involved money placed in the registry of the court under the eminent domain statute and with the particular wording of that statute and not with a judicial sale. The eminent domain statute provided no alternative fee as does Section 45.031 with which we are here concerned. The court in Taylor did say that the language of Section 28.24 is mandatory and that any exceptions to that statute should be clear. For the *788 reasons we have heretofore stated, we find that the fee provided for the Clerk for his services in administering a judicial sale is clearly an alternative to an exception to the general fees set forth in Section 28.24. We, therefore, conclude that Section 45.031(1) provides the exclusive charge for the Clerk’s services in connection with the sale of real or personal property by forced sale.
AFFIRMED.
SHIVERS, J., concurs.
LILES, WOODIE A. (Retired) Associate Judge, dissents.