LILES, WOODIE A.
(Retired) Associate Judge, dissenting.
I must respectfully dissent, not because I necessarily agree with the results in this particular case, but I believe Section 28.24, Florida Statutes (1979) is mandatory and provides in relevant part:
The clerk of the circuit court shall make the following charges for services rendered by his office. . ..
No exception is provided. See Taylor v. Tampa Electric Company, 356 So.2d 260 (Fla.1978).
Sections 28.24 and 45.031 involve two separate functions and I am unable to conclude that the latter statute constitutes a clear exception to the former thus preempting the allowance of fees mandated by the former.
The rule of statutory construction requires that statutes be construed in pari materia and that a reasonable field of operation be given to each. Ferguson v. State, 377 So.2d 709 (Fla.1979). Here, the statutes involved are easily harmonized providing a $25 fee for the conducting of this sale, filing all the required certifications, issuing the certificate of title, and recording and certifying that title. Where the clerk is statutorily required to provide a separate and distinct service even though he is only required to hold the money for a short time before disbursement, it is for the legislature to change if he is not to receive the fee which is clearly set forth in Section 28.-24(14). For these reasons I would REVERSE.