PER CURIAM.
We review the decision of the District Court of Appeal, First District, in Powers v. First Federal Savings & Loan Association of Jacksonville, 404 So.2d 786 (Fla. 1st DCA 1981), which affects a class of constitutional officers. The district court held that the $25 fee provided for in section 45.031(1), Florida Statutes (1979),[1] is the only fee to which the clerk of the circuit court is entitled for administering a judicial foreclosure sale pursuant to chapter 45. We disagree and hold that the clerk is also entitled to collect a registry fee provided for in section 28.24(14), Florida Statutes (1979),[2] on proceeds paid by a third-party bidder at a foreclosure sale conducted pursuant to section 45.031.
In the present case, the Clerk of the Circuit Court of Alachua County, A. Curtis Powers, held a foreclosure sale pursuant to a summary final judgment of foreclosure entered by the circuit court. This final judgment provided that upon confirmation of the sale as provided by statute or by order of the court, the clerk shall disburse the proceeds of the sale by paying “(a) the costs and expenses of this action incurred after the date hereof, and said attorneys’ fees, (b) the remaining amounts due the Plaintiff with interest thereon as provided by statute from the date hereof through the *867 date of sale.” The judgment provided that any surplus after payments would be paid into the registry of the court.
After the sale, the clerk filed his Certificate of Sale certifying that the highest and best bid for the property was submitted by a third-party bidder. He later issued a Certificate of Title in the mortgage foreclosure and filed his Certificate of Disbursements of Proceeds of Sale by Clerk in Mortgage Foreclosure. This Certificate of Disbursements included a “clerk’s registry fee” of $149.60. The clerk, pursuant to section 45.031, also collected $25 as a judicial sale fee. First Federal Savings & Loan, the plaintiff in the foreclosure proceedings, filed an objection to this certificate and asserted, among other things, that the clerk erroneously withheld as his service charge the fee of $149.60 provided in section 28.-24(14) for receiving money into the registry of the court in violation of section 45.031(1) which provides a fee of $25 for such services and in violation of the final judgment which orders that only surplus, after payments specified therein, be paid into the registry of the court. The circuit court held that the' clerk had erroneously withheld a registry fee of $149.60 and ordered the clerk to issue this sum to First Federal. It reasoned that the clerk’s service charge provided for in chapter 45 includes the receipt and disbursement of funds in the event that there is a third-party bidder and that the funds received by the clerk in connection with conducting a judicial sale are not those funds described by section 28.24(14) as money réceived into the registry of the court.
The clerk appealed to the district court, but the district court agreed with the trial court that section 45.031(1) provides the exclusive charge for the clerk’s services in connection with the sale of real or personal property for forced sale. It stated that the fee provided for the clerk for his services in administering the judicial sale is an alternative to and an exception to the general fee set forth in section 28.24.
Judge Liles dissented on the bases that section 28.24 is mandatory and that no exceptions are provided. He reasons, and we agree, that sections 28.24 and 45.031 involve two separate functions and that section 45.-031 does not create a clear exception to section 28.24, thereby permitting preemption of the fee required by section 28.24. In Taylor v. Tampa Electric Company, 356 So.2d 260 (Fla.1978), we said that the language of section 28.24 is mandatory and any exception to this statute should be clear.
As petitioner argues and as Judge Liles points out, these two statutory provisions are easily harmonized. The $25 fee is for the conducting of the sale, the filing of all required certifications, the issuance of the certificate of title, and the recording and certifying the title. Where he is required to hold money in the registry of the court as in the present case where there is a third-party bidder at the foreclosure sale, the clerk provides a separate and distinct function for which he must collect a charge pursuant to section 28.24(14). If the legislature intends otherwise, it must make this exception clear.
Accordingly, we quash the decision of the First District and remand for further proceedings consistent with this decision.
It is so ordered.
ADKINS, BOYD, SUNDBERG and EHRLICH, JJ., concur.
ALDERMAN, C.J., dissents with an opinion, with which OVERTON and MCDONALD, JJ., concur.

. Section 45.031 provides in pertinent part:
In any sale of real or personal property under an order or judgment, the following procedure may be followed as an alternative to any other sale procedure if so ordered by the court:
(1) SALE BY CLERK. — In the order or final judgment, the court shall direct the clerk to sell the property at public sale on a specified day that shall be not less than 20 days after the date thereof, on terms and conditions specified in the order or judgment.. . .

The clerk shall receive a service charge of $25 for his services in making, recording, and certifying the sale and title that shall be assessed as costs. The court may enlarge the time of the sale. Notice of the changed time of sale shall be published as provided herein.

(6) DISBURSEMENTS OF PROCEEDS. — On filing a certificate of title the clerk shall disburse the proceeds of the sale in accordance with the order or final judgment, and shall file a report of the disbursements and serve a copy of it on each party not in default in substantially the following form: (Caption of Action)

. Section 28.24 provides in pertinent part:
The clerk of the circuit court shall make the following charges for services rendered by his office in recording documents and instruments and in performing the duties enumerated. However, in those counties where the clerk’s office operates as a fiscal unit of the county pursuant to s. 145.022(1), the clerk shall not charge the county for such services.

(14) For receiving money into the registry of court:
(a) First $500, percent.
(b) Each subsequent $100, percent