ERVIN, Chief Judge.
The Department of Health and Rehabilitative Services (HRS) appeals from a declaratory judgment which found that appel-lee, Paul F. Hartsfield, as Clerk of the Circuit Court for Leon County, was required to charge HRS for the copying of court documents necessary in proceedings instituted by HRS pursuant to Chapter 409, Florida Statutes, despite the provisions of section 409.2571, which exempt HRS from charges for “necessary services” in such proceedings. HRS contends the trial court erred in concluding that although the copying of some documents amounts to a necessary service, the clerk was nevertheless bound to charge the department for that service. We agree with HRS’ position and reverse.
This dispute between HRS and the clerk’s office arose in 1980 when Hartsfield notified HRS that, based on a 1979 opinion of the Attorney General, his office would thereafter charge HRS the standard fee of $1.00 per page, as authorized by section 28.24(9)(a), for the copying of court records, regardless of their necessity or purpose. HRS responded to that notice by seeking in the circuit court a writ of mandamus, directing the clerk to provide copying services free of charge. In State, Department of Health and Rehabilitative Services v. Hartsfield, 399 So.2d 1019 (Fla. 1st DCA 1981) [hereinafter: Hartsfield 7], this court affirmed the trial court’s denial of the petition for writ of mandamus, finding that HRS had not demonstrated in the record an established right to receive the copying of necessary court records which was enforceable by mandamus. HRS then commenced this second suit for declaratory judgment, seeking a declaration that the photocopying of various documents relating to child support and paternity actions constitutes “necessary services” for purposes of the fee exemption in section 409.-2571. At the final hearing, HRS presented a number of witnesses who testified as to the necessity of obtaining copies of relevant court records for purposes of proceedings brought under sections 409.2551-409.-2597, Florida Statutes. Although the trial court agreed that some copying was in fact necessary in proceedings under Chapter 409, it concluded that HRS was nevertheless not exempt from paying for such services.
The resolution of this case requires the interpretation, as well as, if possible, the reconciliation of the following Florida statutes:
§ 409.2571 Court and witness fees; bond.—
(1) The department or an authorized agent thereof shall be entitled to the necessary services of the clerk, sheriff, and court reporter in any proceedings under this act, including contempt proceedings, and no fees for such court, clerk, or sheriff services shall be charged against the department. No bond shall be required of the department for any action taken pursuant to this act, except by order of the court. Nothing herein shall prevent the court depository from charging and collecting fees for *324 services rendered. Nothing herein shall prevent the court from charging a defendant for action taken pursuant to this act for all costs and fees incurred in the proceedings.
* * * * * *
§ 28.24 Service charges by clerk of the circuit court.—The clerk of the circuit court shall make the following charges for services rendered by his office in recording documents and instruments and in performing the duties enumerated. However, in those counties where the clerk’s office operates as a fiscal unit of the county pursuant to s. 145.022(1), the clerk shall not charge the county for such services.
* * * * * *
(9)(a) For making copies by photographic process of any instrument in the public records consisting of pages of not more than 14 inches by 8¥2 inches, per page.1.00
(e.s.)
HRS contends that the exemption provided in section 409.2571 extends to charges for the copying of court documents necessitated by proceedings instituted to secure and enforce child support and to establish paternity—proceedings which HRS has a statutory duty to bring under Chapter 409. Hartsfield counters that he is mandated by section 28.24 to charge a fee of $1.00 per page for photocopying, and that HRS is entitled only to receive the services of the clerk of the court free of charge and not the services of the clerk acting in his capacity as county recorder. For the following reasons we agree with HRS and reverse.
We find merit in HRS’ position that general rules of statutory construction compel the conclusion that the exemption for “necessary services” in section 409.-2571 includes photocopying of necessary court records. “As always, legislative intent is the pole star by which we must be guided in interpreting the provisions of a law.” Parker v. State, 406 So.2d 1089, 1092 (Fla.1981). In this case, the legislative intent behind the 1976 amendments to Chapter 409 is expressly set out in section 409.2551, Florida Statutes, providing:
Common law and statutory procedures governing the remedies for enforcement of support for financially dependent children by responsible parents have not proven sufficiently effective or efficient to cope with the increasing incidence of financial dependency. The increasing workload of courts, prosecuting attorneys, and the Attorney General has resulted in a growing burden on the financial resources of the state, which is constrained to provide public assistance for basic maintenance requirements when parents fail to meet their primary obligations. The state, therefore, exercising its police and sovereign powers, declares that the common law and statutory remedies pertaining to family desertion and nonsupport of dependent children shall be augmented by additional remedies directed to the resources of the responsible parents. In order to render resources more immediately available to meet the needs of dependent children, it is the legislative intent that the remedies provided herein are in addition to, and not in lieu of, existing remedies. It is declared to be the public policy of this state that this act be construed and administered to the end that children shall be maintained from the resources of responsible parents, thereby relieving, at least in part, the burden presently borne by the general citizenry through public assistance programs.
(e.s.) In keeping with the legislative intent, which is designed in part to relieve the taxpayers of the state from the burden of public assistance programs by insuring that financially responsible parents of dependent children—and not the state—support such children, it is reasonable to conclude that the legislature intended that HRS would receive all necessary services of the clerk’s office, including photocopying, free of charge.
Additional support for HRS’ position is disclosed by the legislative enact *325 ment of a specific exception to the general exemption from fees in section 409.2571, providing that nothing in that section shall prevent the court depository from charging and collecting fees for services rendered. “Therefore the rule, ‘expressio unius est exclusio alterius,’ seems to apply. Where the legislature creates specific exceptions to the language in a statute, we may apply the rule to infer that ‘had the legislature intended to establish other exceptions it would have done so clearly and Unequivocally.’ ” Florida Legal Services, Inc. v. State, Department of Labor and Employment Security, 381 So.2d 1120, 1122 (Fla. 1st DCA 1979).
Finally, HRS’ arguments are reinforced by the rules of statutory construction that the more recent and more specific of the two statutes, here section 409.2571, must prevail over the earlier and more general of the two, section 28.24. See Cable-Vision, Inc. v. Freeman, 324 So.2d 149, 152 (Fla. 3d DCA 1975) (last expression of legislative will prevails); Tallahassee Democrat, Inc. v. Florida Board of Regents, 314 So.2d 164 (Fla. 1st DCA 1975) (specific statute controls over general). Having applied the above rules to the pertinent statutes, we conclude that section 409.2571 must be interpreted as providing an exemption for all necessary services provided by the clerk of the circuit court when HRS is proceeding under sections 409.2551-409.-2597.
In reaching our conclusion we have not overlooked the authorities relied upon by Hartsfield, the first being Attorney General’s Opinion 079-51, which addressed the following question:
Is the Department of Health and Rehabilitative Services exempt under the provisions of § 409.2571, F.S., from paying to the clerk of the circuit court the service charges for copies of final judgments of dissolution of marriage when the copies are used by the department in determining eligibility of clients for public assistance?
1979 Op.Att’y Gen.Fla. 079-51 at 126 (May 9, 1979) (e.s.). In answering this question in the negative, the attorney general reasoned that section 409.2571 does not “appear to exempt the department from the payment of the service charges, imposed by the clerk as county recorder, in making copies of instruments in the public record for use in determining public assistance eligibility.” Id. at 127 (e.s.) Although it was unnecessary for us to determine this issue in Hartsfield I, we nevertheless indicated our dissatisfaction with the “trial court’s conclusion that the clerk’s duties are divisible into those performed as clerk of the circuit court and those performed as county recorder_” 399 So.2d at 1020. In the case at bar the trial court was influenced by the reasoning of the Attorney General’s opinion which had distinguished between the various functions performed by the clerk of the court. We are unpersuaded by the purported distinctions. Although Florida’s constitution confers upon the legislature the authority to divide the duties of the office of clerk “between two officers, one serving as clerk of court and one serving as ... recorder ... ”, Article V, § 16, Florida Constitution (1972), the legislature has as yet made no such division. Chapter 28, Florida Statutes, instead provides for one clerk per county to perform various functions, including serving as clerk of the court and as county recorder. See §§ 28.12, 28.211, 28.212, 28.222, Florida Statutes. In carrying out his various functions, the clerk is required to charge those fees provided in section 28.24, and the statute makes no distinction between the various “services rendered” by the clerk’s office. We are therefore not convinced that section 409.2571 exempts only those charges for services performed by the clerk as “clerk”, and not those services performed by the same constitutional officer, when acting in his capacity as “county recorder.”
We also find Attorney General’s opinion 079.51 unsupportive of the clerk’s position because it was directed to circumstances in which HRS sought to obtain copies of court documents for purposes of determining eligibility for public assistance. As HRS *326 convincingly argues on appeal, sections 409.2551-409.2597, enacted in 1976, have nothing to do with the determination of eligibility for public assistance. These sections relate instead to remedies created for the collection of support payments to financially dependent children from the resources of parents able to provide such support.
We have also considered, and rejected, the cases of Taylor v. Tampa Electric Company, 356 So.2d 260 (Fla.1978) and Powers v. First Federal Savings & Loan Association, 420 So.2d 865 (Fla.1982), which Hartsfield contends are controlling. In both Taylor and Powers, the Florida Supreme Court was called upon to interpret those portions of section 28.24, pertaining to the collection and disbursement of monies from the court registry. In each case it was found that the language of section 28.24, insofar as it requires the clerk to collect fees for his various services, is mandatory. These holdings do not in themselves, however, require affirmance of the judgment below because the supreme court also recognized in each case that exceptions to section 28.24 can exist, and that to be valid such exceptions must be “clear.” 420 So.2d at 867. In our view section 409.-2571 provides a “clear” exception to the charging of fees for any “necessary services” performed by the clerk of the circuit court in proceedings brought by HRS for the collection of support payments under Chapter 409. We therefore do not consider Taylor or Powers controlling.
REVERSED and REMANDED for further proceedings consistent with this opinion.
JOANOS, J., and PEARSON, TILLMAN, Associate Judge (Retired), concur.