The Honorable T.J. Greeson Clerk of the Circuit and County Courts Nassau County Post Office Box 456 Fernandina Beach, Florida 32034
Dear Mr. Greeson:
You have asked substantially the following question:
 May a duly appointed deputy clerk solemnize the rights of a matrimonial contract under s. 741.07(1), F.S.?
In sum, I am of the following opinion:
 A duly appointed deputy clerk is authorized to solemnize a matrimonial contract, since such a clerk has each and every power that the clerk may exercise, except the power to appoint a deputy.
Section 741.07(1), F.S., provides:
 All regularly ordained ministers of the gospel or elders in communion with some church, or other ordained clergy, and all judicial officers, clerks of the circuit courts, and notaries public of this state may solemnize the rights of matrimonial contract, under the regulations prescribed by law. . . . (e.s.)
It is clear, therefore, that the clerk of the circuit court is one of the enumerated individuals who may solemnize the rights of matrimonial contract under the regulations prescribed by law.
Section 28.06, F.S., empowers the clerk of the court to
 appoint a deputy or deputies, for whose acts he shall be liable, and the said deputies shall have and exercise each and every power of whatsoever nature and kind as the clerk himself may exercise, excepting the power to appoint a deputy or deputies. (e.s.)
Thus, the Legislature has provided that a deputy clerk is authorized to perform every power which the clerk possesses, with the exception of the power to appoint deputies. The deputy clerk does not operate as a separate officer, however, but acts for and in the name of the clerk of the court.[1] Had the Legislature contemplated any other exceptions to the powers which a deputy clerk may perform on behalf of the clerk, it could have enumerated such clearly and unequivocally.[2]
Inasmuch as the clerk of the court is empowered to solemnize the rights of a marital contract pursuant to s. 741.07(1), F.S., and may appoint a deputy clerk to act on his or her behalf, it is my opinion that the deputy clerk so appointed may solemnize the rights of a marital contract.
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] State ex rel. Melson v. Peeler, 146 So. 188, 189 (Fla. 1933).
[2] See, State, Department of Health and Rehabilitative Services v. Hartsfield, 443 So.2d 322 (1 D.C.A.Fla., 1983) (where the Legislature creates specific exceptions to language in a statute, District Court of Appeal may apply rule of "expressio unius est exclusio alterius" to infer that had the Legislature intended to establish other exceptions it would have done so clearly and unequivocally).