Peter A. Petracco Chief of Police City of Boca Raton Police Department
QUESTION:
Is a law enforcement officer, purchasing a handgun at a retail, subject to the mandatory three-day waiting period between the purchase and delivery of a handgun.
SUMMARY:
A law enforcement officer, purchasing a handgun at retail, is subject to the mandatory three-day waiting period between the purchase and delivery of the handgun.
On November 6, 1990, the electors of the State of Florida approved an amendment to the Florida Constitution imposing a three-day waiting period between the sale and the delivery of a handgun at retail.[1] Chapter 91-24, Laws of Florida, was of this constitutional amendment.[2]
Section 790.0655(1)(a), F.S. 1991, provides:
 There shall be a mandatory 3-day waiting period, which shall be three days, excluding weekends and legal holidays, between the purchase and the delivery at retail of any handgun. "Purchase" means the transfer of money or other valuable consideration to the retailer. "Handgun" means a firearm capable of being carried and used by one hand, such as a pistol or revolver. "Retailer" means and includes every person engaged in the business of making sales at retail or for distribution, or use, or consumption, or storage to be used or consumed in this state, as defined in Section 212.02(14).[3]
There are exceptions to the mandatory three-day waiting period between the purchase and delivery of the handgun. Pursuant to s.790.0655(2), F.S. 1991, the waiting period does not apply when a handgun is being purchased by a holder of a concealed weapon permit as defined in s. 790.06, F.S., or to a trade-in of another handgun.
Section 790.06(5)(b), F.S. (1990 Supp.), provides that an individual, holding an active certification from the Criminal Justice Standards and Training Commission as a "law enforcement officer" or "correctional officer," is exempt from the licensing requirements of s. 790.06, F.S. (1990 Supp).[4] In addition, s. 790.051, F.S., provides that law enforcement officers are exempt from the licensing and penal provisions of Ch. 790, F.S., when acting within the scope of their official duties.
Law enforcement officers are, therefore, exempt from the concealed weapons licensing requirements and, thus, are not required to be holders of a concealed weapon permit as defined in s. 790.06, F.S. (1990 Supp.).
I would note that one bill considered during the 1991 legislative session would have exempted employees of the sheriff's office, municipal police departments, correctional facilities or agencies, or other criminal justice or governmental agencies from the three-day waiting period when the purchases were made on behalf of an employing agency for official law enforcement purposes.[5]
The bill, however, did not pass, and House Bill 883, which was enacted as Ch. 91-24, Laws of Florida, does not contain such an exception.
Where the legislature creates specific exceptions to language in a statute, no other exceptions may be inferred.[6]
Therefore, since law enforcement officers would not appear to fall within the exception for concealed weapon permit holders, a law enforcement officer would appear to be subject to the requirements of s. 790.0655(1), F.S. 1991, when purchasing a handgun at retail.
RAB/tjw
[1] Section 8, Art. I, State Const., as amended, provides in pertinent part:
(b) There shall be a mandatory period of three days, excluding weekends and legal holidays, between the purchase and delivery at retail of any handgun. For the purposes of this section, "purchase" means the transfer of money or other valuable consideration to the retailer, a "handgun" means a firearm capable of being carried and used by one hand, such as a pistol or revolver. Holders of a concealed weapon permit as prescribed in Florida law shall not be subject to the provisions of this paragraph. (c) The legislature shall enact legislation implementing subsection (b) of this section, effective no later that December 31, 1991, which shall provide that anyone violating the provisions of subsection (b) shall be guilty of a felony. (d) This restriction shall not apply to a trade in of another handgun.
[2] See, AGO 91-8 concluding that the Legislature was required to enact no later than December 31, 1991, legislation implementing the waiting period and the felony penalty provisions of the constitutional amendment.
[3] See, s. 790.0655(1)(b), F.S. 1991. And see,790.0655(3), F.S. 1991, imposes criminal penalties for retailers delivering handguns prior to expiration of the three-day waiting period and for purchasers obtaining delivery by fraud, false pretenses, or false representation.
[4] Section 790.06(5)(b), F.S. (1990 Supp.), refers to "law enforcement officer" or "correctional officer" as defined in s. 943.10(1), (2), (6), (7), (8), and (9), F.S.
[5] Senate Bill 1432.
[6] See, State, Department of Health and Rehabilitative Services v. Hartsfield, 443 So.2d 322 (1 D.C.A. Fla., 1983); Florida Legal Services, Inc. v. State, 381 So.2d 1120
(1 D.C.A. Fla., 1979) (had the Legislature intended to establish other exceptions, it would have done so clearly and unequivocally). And see, Thayer v. State, 335 So.2d 815 (Fla. 1976).