PER CURIAM.
Milton T. Bauer, as Clerk of the Circuit Court of Palm Beach County (Clerk), appeals from an order directing him to refund certain fees deducted when he refunded the purchase price tendered by Jalil and Afsa-neh Medalian (Medalians), the original successful bidders in a foreclosure sale instituted by appellee Resolution Trust Corporation (RTC). We reverse.
Upon entry of summary final judgment in favor of RTC in its suit to foreclose on a *522 mortgage, the Clerk published notice of sale and eventually sold the mortgaged property to the Medalians, who paid a total of $62,529. That total represents a $61,500 bid, $369 for documentary stamps, $620 for registry fees as required by section 28.-24(13), Florida Statutes (1991),[1] and $40 for a service charge per section 45.031(1).[2] The Clerk issued the required certificate of sale on the same day as the foreclosure.
Subsequently, RTC filed a motion to set aside the foreclosure sale and reset the sale for another date, alleging that RTC’s counsel was mistaken as to RTC’s instructions and thus bid incorrectly at the sale. The court granted the motion, set aside the sale, and ordered the Clerk to resell the property. The property was eventually sold to RTC.
Meanwhile, the Clerk returned to the Me-dalians the amount of their bid ($61,500) and documentary stamps paid ($369), but retained the $660 in statutory fees. Thereafter, the Medalians moved the court to tax all costs against RTC, claiming that the vacating of the foreclosure sale was in no manner due to their mistake or neglect. The trial court entered an order denying the Medalians’ motion, but ordering the Clerk to refund the fees retained.
Section 28.24 sets forth the schedule of charges for services rendered by the offices of the clerk of the circuit court. Subsection (13) specifically provides for the collection of a charge for “receiving money into the registry of court.” See note 1. The language of the statute is mandatory:, “The clerk of the circuit court shall make the following charges for services rendered ...” (emphasis supplied), and, therefore, any exception to the charges imposed by the statute must be clear. In addition, section 45.031(1) provides that in judicial sales “[t]he clerk shall receive a service charge of $40 for his services in making, recording, and certifying the sale and title that shall be assessed as costs.” See note 2 (emphasis added). Although there is no case law saying as much, in the absence of any contrary language, it seems that, by virtue of the “shall” language, the “judicial sale” fee of $40 is mandatory as well.
The Clerk asserts that collection of service charges is mandated by statute and no exception was made by the legislature for the situation where the foreclosure sale is set aside after the Clerk has earned the fees to be charged. In support, the Clerk relies primarily on Taylor v. Tampa Electric Co., 356 So.2d 260 (Fla.1978), and Powers v. First Federal Savings & Loan Ass’n of Jacksonville, 420 So.2d 865 (Fla.1982).
In Taylor, the supreme court held the circuit court clerk had the authority under section 28.24 to exact from the “taker” (condemnor) a commission on funds deposited into the registry by the taker but later disbursed to the landowners in “quick taking” proceedings under section 74.051(3). However, reasoning that section 74.051(3) created a clear exception to section 28.24, the court went on to hold that the clerk was statutorily forbidden from exacting a commission on those funds returned to the taker. 356 So.2d at 263.
In Powers, the clerk of the circuit court withheld a “registry fee” pursuant to then-section 28.24(14) [now section 28.24(13)] and a “judicial sale fee” per section 45.-031(1) after conducting a foreclosure sale. Upon objection by the mortgagee, the trial court allowed the clerk to keep the judicial sale fee but ordered the clerk to issue the registry fee to the mortgagee. On appeal, the first district affirmed on the grounds that section 45.031(1) provided the exclusive charge collectible by the clerk for administering a foreclosure sale. See 420 So.2d at 867. Recognizing that the registry fee required by section 28.24 is mandatory and that any exception thereto should be clear, the supreme court reversed and held that section 45.031(1) does not create an exception to 28.24. Rather, each statute governs different functions and duties, thus permitting the clerk to collect both a *523 registry fee and a judicial sale fee upon administration of a foreclosure sale. Id. The court concluded by noting that if the legislature intended section 45.031(1) to operate as an exception to section 28.24, it must make that intention clear. Id.
Taylor and Powers stand for the proposition that, at the very least, where the clerk is required to hold money in the court registry, he must collect a fee pursuant to section 28.24(13). These eases also seem to suggest that, where the clerk makes, records, and certifies a sale and title, the clerk should collect the $40 judicial sale fee set forth in section 45.031(1). Furthermore, if there is to be any exception to the clerk’s entitlement to collect these charges, then the legislature must make that exception clear. See also Op. Att’y Gen. 83-7 (1983) (stating that the clerk is under a mandatory duty to collect the service charges set forth in section 28.24 from all persons or entities not clearly excepted by statute).
Applying these principles to the instant case, it cannot be doubted that the Clerk was entitled to collect the $620 registry fee and the $40 judicial sale fee. We believe the trial court erred in ordering the Clerk to refund the fees collected. The trial court articulated no reasons for refusing to tax the cost of the fees against RTC and sua sponte ordering the Clerk to refund those fees to the Medalians. Furthermore, the Medalians requested costs be taxed against RTC, not the Clerk. It was RTC’s mistake that resulted in the foreclosure sale being set aside. The record does not reflect any mistake, neglect or wrongdoing on the part of the Clerk.
Moreover, and perhaps most importantly, the net effect of the court’s order, forcing the Clerk to seek recovery from RTC, is to shift the burden of the costs associated with such recovery from a private party to the judicial system, and, ultimately, the taxpayers. That is, forcing the Clerk, as opposed to the Medalians, to pursue RTC for recovery will impose added administrative costs on the court system and unnecessarily divert the Clerk’s time and other resources in his attempt to recover monies rightfully due for services legally mandated and already performed.
Accordingly, we reverse and remand with directions for further proceedings in accord herewith.
DELL, C.J., and ANSTEAD and GLICKSTEIN, JJ., concur.

. Section 28.24(13) provides that the clerk shall charge, as a fee for receiving money into the court registry, 2% of the first $500 received and 1% for each subsequent $100.

. Section 45.031(1) reads in relevant part: "The clerk shall receive a service charge of $40 for his services in making, recording, and certifying the sale and title that shall be assessed as costs.”