KREEGER, JUDITH L., Associate Judge.
The now familiar question in this appeal is whether the clerk of the circuit court must refund registry and sales fees to a *1075 successful bidder at a foreclosure sale where the mortgagor/debtor, prior to the sale and without written notice to the clerk, filed a suggestion of bankruptcy in federal court, requiring the sale to be later invalidated. We answered this question negatively in Wilken v. North County Company, 670 So.2d 181 (Fla. 4th DCA 1996), and do so again in this case by affirming the order of the circuit court below.
In this case, following the entry of a final judgment of foreclosure, the trial court ordered public sale of the property for June 8, 1998 at 10:00 a.m. The sale was conducted some time that day, and the clerk issued the required certificate of sale shortly before noon that day. Between 2:00 and 2:30 p.m., the clerk received a suggestion of bankruptcy filed by the mortgagor/debtor. The record of the case below does not reflect at what hour the foreclosure sale was conducted, and it does not reflect that the clerk accepted any portion of the purchase price after receiving the suggestion of bankruptcy.
On June 16th the clerk paid itself the sale fee from the registry, and on June 20th appellant moved for the return of its entire bid deposit. On July 29th the clerk paid itself the registry fee, before the trial court ruled on appellant’s motion. The trial court ultimately granted appellant’s motion, ordering the return of the bid deposit minus the Clerk’s registry and sale fee.
Appellant makes the same argument this court heard and rejected in North County. In this case, like its predecessor, there is no “culpable” party. The record does not disclose anything to indicate misfeasance by the clerk' — the clerk promptly acted on the written information of the bankruptcy action as soon as the clerk received that information. The clerk conducted the sale without knowing the debt- or had invoked bankruptcy protection and the clerk collected the mandatory statutory fees. Appellant, the successful bidder, also proceeded without knowing about the bankruptcy stay. As we pointed out in North County, innocent buyers like appellant would be well served if the clerk would develop a method of notice to prospective bidders warning them of the particular risks associated with foreclosure sales. However, we remain reluctant to impose a notice requirement not mandated by statute.
AFFIRMED.
WARNER, C.J., and STEVENSON, J., concur.