The Honorable Harvey Ruvin Clerk of the Circuit and County Courts Dade County Courthouse, Room 242 73 West Flagler Street Miami, Florida 33130
Dear Mr. Ruvin:
You have asked for my opinion on substantially the following question:
Is the Clerk of Courts authorized to retain the statutory fees collected on the deposit of moneys into the registry of the court by the successful bidder in a foreclosure or tax deed sale of real property if the mortgagor/debtor files a petition in bankruptcy court and the clerk has no knowledge or notice of the bankruptcy petition?
In sum:
The clerk of the circuit court is not required to refund registry and sales fees to a successful bidder at a foreclosure sale where the mortgagor/debtor, prior to the sale and without written notice to the clerk, filed a suggestion of bankruptcy in federal court, requiring the sale to be later invalidated.
According to your letter, as the Clerk of Courts you handle foreclosure and tax deed sales. The statutes provide certain fees to the clerk for services related to these sales. You have asked whether the clerk may retain these fees, if a bankruptcy petition is filed by the mortgagor/debtor of such property with no written notice of the petition provided to the clerk prior to the sale of the property. You have directed my attention to general areas of the law rather than to any specific statutory section that is of particular concern and my answer to your question is, therefore, of a general nature.
Several statutory sections authorize the clerks of court to assess and collect service charges or fees. Section 28.24, Florida Statutes, states that "[t]he clerk of the circuit court shall make the following charges for services rendered by the clerk's office in . . . performing the duties enumerated." Among these charges, section 28.24(13), Florida Statutes, authorizes the clerk to collect a percentage for "receiving money into the registry of court[.]"[1] Subsection (26) of this statute authorizes a $60 service charge "[f]or processing an application for a tax deed sale (includes application, sale, issuance, and preparation of tax deed, and disbursement of proceeds of sale), other than excess proceeds[.]" Section 45.031, Florida Statutes, sets forth specific procedures for judicial sales. Subsection (1) of this statute, relating to the method of sale by the clerk, provides that "[t]he clerk shall receive a service charge of $40 for services in making, recording, and certifying the sale and title that shall be assessed as costs."
Several recent cases decided by the Fourth District Court of Appeal have addressed the clerk's entitlement to collect a fee for holding money in the court registry and the judicial sale fee. InBauer v. Resolution Trust Corporation,[2] the clerk appealed an order directing him to refund certain fees retained when he refunded the purchase price tendered by the original successful bidders in a foreclosure sale, the Medalians. Resolution Trust Corporation had foreclosed on a mortgage and the clerk published notice of the sale, eventually selling the mortgaged property to the Medalians. The total sale price included $620 for registry fees as required by section 28.24(13), Florida Statutes, and a $40 service charge pursuant to section 45.031(1), Florida Statutes. The clerk issued the certificate of sale on the same day as the foreclosure. Subsequently, Resolution Trust filed a motion to set aside the foreclosure sale and reset the sale for another date. The court granted the motion, set aside the sale, and ordered the clerk to resell the property. The property was eventually sold to Resolution Trust Corporation rather than the Medalians.
During the course of these events, the clerk returned the Medalians' bid and documentary stamps for which they had paid, but retained the $660 in statutory fees. The Medalians moved the court to tax all costs against Resolution Trust Corporation, arguing that the vacation of the foreclosure sale was due to no mistake or neglect on their part. The trial court ordered the clerk to refund the statutory fees and the clerk appealed.
In its opinion the Fourth District Court of Appeal discussed and relied upon section 28.24, Florida Statutes, setting forth the schedule of charges for services rendered by the office of the clerk of the circuit court and particularly subsection (13), which authorizes the collection of a charge for "receiving money into the registry of court." As the court stated:
"The language of the statute is mandatory: `The clerk of the circuit court shall make the following charges for services rendered . . . ` and, therefore, any exception to the charges imposed by the statute must be clear. In addition, section45.031(1) provides that in judicial sales `[t]he clerk shall
receive a service charge of $40 for his services in making, recording, and certifying the sale and title that shall be assessed as costs.' Although there is no case law saying as much, in the absence of any contrary language, it seems that, by virtue of the `shall' language, the `judicial sale' fee of $40 is mandatory as well."[3]
The court concluded that the clerk was entitled to collect and retain the $620 registry fee and the $40 judicial sale fee and the trial court had erred in ordering the clerk to refund the fees collected.
Discussing several older cases dealing with the clerk's authority to retain fees,[4] the court noted that
"where the clerk is required to hold money in the court registry, he must collect a fee pursuant to section 28.24(13). These cases also seem to suggest that, where the clerk makes, records, and certifies a sale and title, the clerk should collect the $40 judicial sale fee set forth in section 45.031(1). Furthermore, if there is to be any exception to the clerk's entitlement to collect these charges, then the legislature must make that exception clear."[5]
In Wilken v. North County Company, Inc.,[6] the question was whether the clerk of the circuit court was required to refund registry and sales fees to a successful bidder at a foreclosure sale where the mortgagor/debtor, prior to the sale and without written notice to the clerk, had filed a suggestion of bankruptcy in federal court, requiring the subsequent invalidation of the sale. The court, relying on the Bauer decision discussed above, answered the question in the negative and stated:
"The holding in Bauer may be considered to stand for the proposition that the clerk `earns' the statutory sales and registry fees when the services are rendered, i.e., when the judicial sale takes place and the funds are received into the court registry. Therefore, that the sale is later invalidated through no blunder of the clerk is of no consequence in determining whether or not the clerk is entitled to collect his or her administrative costs. Here, as in Bauer, the initial successful bidders may ask the court below to exercise its discretion and require any party which the court determines to be culpable to reimburse the forfeited sales and registry fees."[7]
The court recognized that while the money involved in this matter was not substantial, the issues involved in the appeal constituted a "significant" and "repeated" problem in the administration of judicial sales at the courthouse.
Most recently in Palm Beach Horizons, Inc. v. Washington MutualBank,[8] the Fourth District Court of Appeal reiterated its position by answering negatively the question of whether the clerk of the circuit court must refund registry and sales fees to a successful bidder at a foreclosure sale where the mortgagor/debtor, prior to the sale and without written notice to the clerk, filed a suggestion of bankruptcy in federal court, requiring the sale to be later invalidated. In this case, a final judgment of foreclosure was entered and the trial court ordered the public sale of the property. The sale was conducted and the clerk issued the required certificate of sale on the same day. That afternoon the clerk received a suggestion of bankruptcy filed by the mortgagor/debtor. The clerk subsequently paid itself both the sale fee and the registry fee. The appellant moved for the return of its entire bid deposit but the trial court ordered the return of the bid deposit minus the clerk's registry and sale fee. The purchaser of the property appealed.
The court, in determining that the clerk was not required to refund the registry and sales fees stated:
"In this case, like its predecessor [North County, supra], there is no `culpable' party. The record does not disclose anything to indicate misfeasance by the clerk-the clerk promptly acted on the written information of the bankruptcy action as soon as the clerk received that information. The clerk conducted the sale without knowing the debtor had invoked bankruptcy protection and the clerk collected the mandatory statutory fees."[9]
Clearly, this issue presents a problem for clerks of court involved in judicial sales. However, Florida courts have determined that, in the absence of misfeasance by the clerk, the clerk is entitled to the statutory sales and registry fees for services rendered when a judicial sale takes place and the funds are received into the court registry pursuant to sections28.24(13) and 45.031(1), Florida Statutes.[10]
In sum, it is my opinion that the clerk of the circuit court is not required to refund registry and sales fees to a successful bidder at a foreclosure sale where the mortgagor/debtor, prior to the sale and without written notice to the clerk, filed a suggestion of bankruptcy in federal court, requiring the sale to be later invalidated.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 28.24(13)(a)1. and 2., Fla. Stat., authorizes the collection of a 2 percent fee for the first $500 deposited into the registry of the court and 1 percent for each subsequent $100 deposited.
[2] 621 So.2d 521 (Fla. 4th DCA 1993).
[3] Id. at 522.
[4] See, Taylor v. Tampa Electric Co., 356 So.2d 260 (Fla. 1978) and Powers v. First Federal Savings Loan Ass'n ofJacksonville, 420 So.2d 865 (Fla. 1982).
[5] For this proposition the court cited Op. Att'y Gen. Fla. 83-7 (1983), stating that the clerk is under a mandatory duty to collect the service charges set forth in s. 28.24, Fla. Stat., from all persons or entities not clearly excepted by statute.
[6] 670 So.2d 181 (Fla. 4th DCA 1996).
[7] The court, in a footnote, commented that the result reached in the case might be different if the sale had been invalidated due to some misfeasance on the clerk's part. However, the court noted that the clerk in this case had acted promptly on the written information of the pending bankruptcy actions as soon as the information was received. See, Wilken v. North County Company,Inc., id. at n. 1.
[8] 744 So.2d 1074 (Fla. 4th DCA 1999).
[9] Id. at 1075.
[10] The decisions of the district courts of appeal represent the law of Florida unless and until they are overruled by the Florida Supreme Court. See, Stanfill v. State, 384 So.2d 141
(Fla. 1980); Johns v. Wainwright, 253 So.2d 873 (Fla. 1971) (district courts of appeal were never intended to be intermediate courts; rather decisions of such courts in most cases are final and absolute); Ansin v. Thurston, 101 So.2d 808 (Fla. 1958). Andsee, State v. Hayes, 333 So.2d 51 (Fla. 4th DCA 1976) (trial court in Fourth Appellate District bound by decisions of other Florida district courts of appeal when there is no case on point from the Fourth District).